**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 05-30019-01** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JOHN R. REGESTER II** | * | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. #89) filed by *pro se* defendant John R. Regester II.  The Government opposes Regester's motion.  (Doc. #91).  For reasons stated below, it is recommended that the motion be **DENIED**.

**I**

Regester challenges his guilty-plea conviction and sentence for violation of 21 U.S.C. § 841(a)(1) and § 846.  Before Regester entered his guilty plea, the government filed a notice indicating that Regester was subject to the increased punishment provided under § 841(b)(1)(B) and § 851 due to a prior felony drug conviction.  The notice stated that Regester "is subject to being sentenced to imprisonment of not less than 10 years nor more than life."  (Doc. #53). Before Regester pled guilty, the court informed him that he would be subject to a sentence of not less than ten years nor more than life imprisonment.  (Guilty Plea Trans. at p.9).

After entering his guilty plea in October 2005, Regester filed several objections to the Presentence Investigation Report.  (Doc. #68).  Most notably, Regester challenged the Report's labeling of him as a career offender under U.S.S.G. § 4B1.1.  At sentencing, the court overruled Regester's objections.  Based in part on the enhancement under § 4B1.1., the Guidelines sentencing range for Regester was 262 to 327 months imprisonment.  The court sentenced

1

Regester to 262 months imprisonment.

Regester appealed the sentence on the grounds that "the district court erred when it failed to adequately inform him of the 10-year mandatory minimum sentence." *United States v. Regester*, 203 F.App'x 684, 685 (5th Cir. 2006).  In a *per curiam* opinion, the Fifth Circuit rejected Regester's argument and affirmed the district court's judgment.  *Id.* at 686.

**II**

Regester first argues that he was denied the effective assistance of counsel because his attorney did not advise him of the applicability of the § 4B1.1 enhancement before he pled guilty. Claims of ineffective assistance must be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Hence, Regester must establish that his attorney's performance was deficient and "that the deficient performance prejudiced the defense."  *Id.*

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion.  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, Regester's "guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings." *United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir. 1971).  "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Regester's argument that his counsel's ineffectiveness rendered his guilty plea involuntary is directly foreclosed by Fifth Circuit precedent. *See United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993).  In *Gracia*, the defendant claimed that he had relied on his attorney's erroneous prediction of what his sentence would be.  *Id.*  The Fifth Circuit denied the defendant relief, holding that because the "court [had] properly advised the defendant about the

2

possible maximum penalty" the attorney's erroneous prediction was "not a sufficient basis to set aside a guilty plea." *Id.* (citing *United States v. Jones*, 905 F.2d 867, 868 (5th Cir. 1990)*; see also United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) ("[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary."). As long as Regester "understood the length of time he might possibly receive he was fully aware of his plea's consequences." *Santa Lucia*, 991 F.2d at 180, *cited by United States v. Smith*, 143 F.App'x 559 (5th Cir. 2005) (unpublished) ("Smith . . . asserts that if counsel had informed him that the government was seeking to enhance his sentence as a career offender, he would not have pleaded guilty. As long as the defendant understood the length of time he might possibly receive, however, he was aware of the plea's consequences.").[1]

Before pleading guilty, Regester indicated that he was satisfied with the representation of his attorney and had "talked about the maximum possible penalties for [his] offense." (Guilty Plea Trans. at p.5, 9). In addition, the court explained to Regester that he faced a "maximum possible penalty . . . of not less than ten years nor more than life."[2] (Guilty Plea Trans. at p.9).

---

[1] A number of other of Fifth Circuit panels have similarly relied on *Santa Lucia*. *E.g. United States v. Dees*, 125 F.3d 261 (5th Cir. 1997) (unpublished) ("Dees was, however, informed of the maximum term of imprisonment to which she could be sentenced, and her actual sentence fell within that range. Accordingly, her plea was informed and voluntary."); *United States v. Vasquez-Garcia*, No. 00-40149, 244 F.3d 136 (5th Cir. 2000) (unpublished) ("As long as the defendant understood the length of time he might possibly receive, he was aware of the plea's consequences."); *United States v. Harris*, No. 94-10747, 59 F.3d 1242 (5th Cir. 1995) (unpublished) ("Erroneous advice of defense counsel as to the guideline sentence does not constitute a violation of Rule 11."); *but see United States v. Nation*, 229 F.App'x 288 (5th Cir. 2007) (unpublished) (granting evidentiary hearing on § 2255 claim that attorney erroneously advised defendant that plea would not subject him to career offender enhancement.).

[2] On direct appeal, Regester contended that the district court "failed to adequately inform him of the 10-year mandatory minimum sentence." *Regester*, 203 F.App'x at 685. The Fifth Circuit rejected the contention, holding that "[a]lthough the district court's statement at the guilty-plea hearing could have been more artfully phrased, it notified Regester that he faced a

Regester stated that he understood the possible penalties.  (Guilty Plea Trans. at p.9).  Regester

knew the maximum length sentence he could have possibly received and the actual sentence (262

months) did not exceed the maximum allowable.  As a result, the plea was voluntary and

Regester's contention that he was denied the effective assistance of counsel fails.

### III

Regester similarly argues that the district court erred when it did not advise him that he

could be deemed a career offender under § 4B1.1.  This argument is also foreclosed by Fifth

Circuit precedent.

In *United States v. Pearson*, the defendant challenged "the validity of his guilty plea and

his sentence on the grounds that he was not informed, prior to entry of his plea, of the

applicability of the Guideline § 4B1.1 career offender enhancement."  910 F.2d 221, 222 (5th

Cir. 1990).  The Fifth Circuit rejected the defendant's arguments, stating that

> Due process requires that a guilty plea be a knowing and voluntary act; the defendant
> must be advised of and understand the consequences of the plea.  "The consequences
> of a guilty plea, with respect to sentencing, mean only that the defendant must know
> the maximum prison term and fine for the offense charged.  As long as [the
> defendant] understood the length of the time he might possibly receive, he was fully
> aware of his plea's consequences."  **The court informed Pearson prior to
> accepting his guilty plea that he faced a maximum prison term of 20 years.  That
> turned out to be the sentence imposed.  Pearson's plea was thus voluntary**, and
> the strictures of the due process clause as to this point were satisfied.

*Id.* at 223 (emphasis added) (internal citations omitted); *see also Jones*, 905 F.2d at 868 (holding

that "district court[s are] not required to calculate or explain the applicable guideline sentence

before accepting a guilty plea.").

As discussed above, the district court in this case explained the maximum possible

_____

sentence of 10 years to life."  *Id.* at 686.

sentence to Regester and Regester indicated that he understood the possible penalties.  The sentence imposed did not exceed the maximum allowable.  As a result, the district court did not err by foregoing a discussion of the § 4B1.1 enhancement with Regester.

## IV

Next, Regester argues that his counsel on direct appeal was constitutionally ineffective.  Regester contends that his attorney should have appealed the district court's failure "to inform Regester about possibly being deemed a career offender."  (Doc. #89, p.10).  This contention is without merit.

"A criminal defendant has a constitutional right to receive effective assistance of counsel on direct appeal."  *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  A claim of ineffective assistance of appellate counsel is analyzed under the *Strickland* test as set forth above.  *Id.*  When the claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, "the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal."  *Id.* at 350.  As discussed above, the district court did not err when it did not inform Regester of the possible applicability of the § 4B1.1 enhancement.  As a result, Regester was not prejudiced by his attorney's decision to forego an appeal of the issue, and his claim of ineffective assistance fails.

## V

Finally, Regester argues that his attorney "was ineffective for failing to put forth a cognizable comprehensive argument, at sentencing, objecting to the length of sentence."  (Doc. #89, p.8).  Regester contends that due to his age, the sentence of 262 months was "in effect[,] a life sentence."  *Id.*  As a result, Regester argues that his attorney "should have been able, through research . . . to come up with the same sort of argument . . . as that argued in the cases of *Gall v.*

*United States*," 128 S. Ct. 586 (2007).  This final argument is without merit for several reasons.

First, Regester's attorney at the sentencing hearing did present the type of argument Regester suggests.   Specifically, his attorney stated that "a sentence under the career offender status . . .  even at a minimum of 262 months . . . is a life sentence for Mr. Regester." (Sentencing Hearing Trans. at p.4).  The district court nonetheless imposed the sentence of 252 months.

 Second, Fifth Circuit precedent does not require counsel to anticipate future developments in the law when presenting arguments.  *See Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) ("Clairvoyance is not a required attribute of effective representation.") (quoting *Cooks v. United States*, 461 F.2d 530 (5th Cir. 1972)).  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  Thus, "[t]he determination whether the performance of counsel was deficient is based upon the law as it existed at the time" of sentencing.  *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998).

Yet, clairvoyance is precisely what would have been required for Regester's attorney to present arguments based on *Gall*.  The Supreme Court decided *Gall* in December 2007, nearly two years after Regester's sentencing on March 6, 2006.  128 S. Ct. 586.  Moreover, the case had not even been decided by a federal circuit court at the time Regester was sentenced.  *See United States v. Gall*, 446 F.3d 884 (2006) (decided on May 12, 2006, more than two months after Regester's sentencing hearing.).  Accordingly, Regester would have this court hold that his

attorney performed deficiently by failing to cite a potentially apposite[3] district court opinion from another circuit.  *See United States v. Gall*, 374 F. Supp. 2d 758 (S.D.Iowa 2005).  The Constitution does not hold defense counsel to this high a standard.  *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (holding that counsel should discover "[s]olid, meritorious arguments based on *directly controlling precedent*" and bring those arguments to the court's attention) (emphasis added).

For the aforementioned reasons **IT IS RECOMMENDED** that Regester's motion be **DENIED**.  Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[3] The government asserts that *Gall* would not necessarily have aided Regester's efforts since *Gall* held only that appellate courts are to review sentencing decisions under the abuse of discretion standard.  128 S. Ct. at 591.  *Gall* did not provide additional bases for departing downward from the sentencing guidelines and therefore would not likely have assuaged the court's concerns at sentencing.  (*See* Sentencing Hearing Trans. at p.14-15.).

FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of March, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE